FALCON PRODUCTS, INC. and Falcon de Jaurez, S.A. de C.V. (a Mexican Corporation), Appellants,

v.

INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Appellee.

No. 85–1968.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1986.

Filed Feb. 5, 1986.

---

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.

Paul H. Schramm, Clayton, Mo., for appellants.

Jerome C. Simon, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.

PER CURIAM.

Appellants, Falcon Products, Inc. and a wholly owned Mexican subsidiary, Falcon de Juarez, S.A. de C.V. appeal from an order of summary judgment entered in favor of appellee, the Insurance Company of the State of Pennsylvania. The issue on appeal is whether the district court[1], 615 F.Supp. 37, properly construed certain provisions of an inland floater difference in conditions property insurance policy, resulting in the conclusion that certain losses sustained by appellants were not covered under the policy.

Between November 1983 and January 1984, Falcon de Juarez purchased scrap metal in the form of engine blocks from a scrap metal dealer in Juarez, Mexico. Subsequently the shipments of scrap metal were found to have contained pellets of cobalt-60, a radioactive metal. The engine blocks first came into contact with cobalt-60 on the scrap dealer's premises, before Falcon de Juarez purchased the blocks.

The district court determined that the initial contact between the engine blocks and the cobalt-60 pellets was "contamination" of the scrap metal within the policy meaning of that term. Moreover, because "loss or damage" to the scrap metal occurred through contamination before Falcon de Juarez owned the engine blocks and while the blocks were not on premises owned, leased or occupied by the insured, they were not "property covered" by the policy at the time of the loss or damage.

The district court also denied coverage based upon policy provisions excluding loss or damage caused by or resulting from "contamination" and "faulty materials". For reversal, appellants assert that the district judge misunderstood when loss or damage actually occurred and misconstrued the contract as a whole, particularly in failing to recognize the policy's nuclear exclusion clause as a limitation on the contamination and faulty materials exclusions.

We have carefully studied the record, including the district court's opinion and the parties' briefs. We find that the judgment of the district court is based on findings of fact that are not clearly erroneous and that no error of law appears. We agree with the district court's interpretation of the insurance contract. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.